## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUSANNA COLON and SAHEEM | : | |
| RICHARD GIL, Administrators of the | : | |
| Estate of Saheem R. Gil, Jr., and Susanna | : | No. 1:21-cv-00889 |
| Colon and Saheem Richard Gil in their own | : | |
| right, | : | (Judge Kane) |
| **Plaintiffs** | : | |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA and | : | |
| HAMILTON HEALTH CENTER, INC., | : | |
| **Defendants** | : | |

## ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS**:

Plaintiffs Susanna Colon and Richard Gil ("Plaintiffs") commenced this wrongful death action on May 17, 2021, pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq. (Doc. No. 1.) They allege that the United States of America (the "United States") and Hamilton Health Center, Inc. ("Hamilton Health," and with the United States, "Defendants") caused the death of their infant son on October 26, 2018. (Id.) Pending before the Court are two interrelated motions: (1) Plaintiffs' "Motion for Leave to Present Late Claim" (Doc. No. 4); and (2) Defendants' motion to dismiss Plaintiffs' complaint for failure to timely exhaust FTCA administrative remedies (Doc. No. 8). The parties filed opening briefs concerning Plaintiffs' motion (Doc. Nos. 5, 7), and the time for filing a reply has expired, and the parties fully briefed Defendants' motion (Doc. Nos. 9-11). Both motions are therefore ripe for disposition. For the following reasons, the Court will deny Plaintiffs' motion and grant Defendants' motion.

Plaintiffs previously advanced the same FTCA claims in a state court action commenced on October 15, 2020, asserting claims against Hamilton Health and other medical entities. See

<u>Colon v. UMPC Pinnacle Hosps.</u>, No. 1:21-cv-00039, 2021 WL 2228068, at *1 (M.D. Pa. Feb. 23, 2021).   After Plaintiffs commenced that action, the United States substituted itself as a defendant in place of Hamilton Health pursuant to the Federally Supported Health Center Assistance Act, 42 U.S.C. § 233,[1] removed the action to federal court pursuant to 28 U.S.C. § 2679(d), and moved to dismiss the FTCA claims for failure to exhaust administrative remedies. <u>See</u> 2021 WL 2228068, at *1.  This Court granted the motion to dismiss without prejudice because Plaintiffs had not presented their claims to the responsible administrative agency—the United States Department of Health and Human Services ("HHS")—for final decision before bringing their FTCA action.  <u>See</u> <u>Colon</u>, 2021 WL 2228068, at *2-3.[2]  Plaintiffs then commenced the instant action, alleging that they timely exhausted their FTCA claims in March 2021 by attempting to serve Hamilton Health with a Standard Form 95 ("SF-95") Notice of Claim.  (Doc. No. 1 ¶ 9; Doc. Nos. 4-4, 4-5.)  Hamilton Health refused service.  (Doc. No. 4-5.)

The parties' motions implicate two key provisions in the FTCA: (1) the FTCA's

---

[1]  The United States had certified that the United States Department of Health and Human Services had deemed Hamilton Health to be a covered employee of the United States for purposes of the FTCA at all times relevant to Plaintiffs' complaint.  <u>See</u> <u>Colon v. UMPC Pinnacle Hosps.</u>, No. 1:21-cv-00039, 2021 WL 2228068, at *1 (M.D. Pa. Feb. 23, 2021).  Hamilton Health is a Pennsylvania-based non-profit corporation (Doc. No. 10-3) that receives federal assistance and funding (Doc. No. 11 at 1).  Under the Public Health Service Act, "the Secretary of Health and Human Services may deem health centers that receive federal assistance and their employees to be employees of the Public Health Service."  <u>See</u> <u>Infante ex rel. Wilborne v. The Bronx Lebanon Hosp. Ctr.</u>, No. 07-cv-846, 2007 WL 1334966, at *1 (S.D.N.Y. May 7, 2007) (citing 42 U.S.C. § 233(g)(1)(A)).

[2]  The Court terminated Hamilton Health on the basis that "[t]he only proper defendant in a FTCA suit is the United States itself."  <u>See</u> <u>Colon</u>, 2021 WL 2228068, at *2 (internal quotation marks omitted) (quoting <u>Feaster v. Fed. Bureau of Prisons</u>, 366 F. App'x 322, 323 (3d Cir. 2010)).  Because the same is true here, the Court will terminate Hamilton Health as a defendant in this action as well.  Additionally, although not relevant to the parties' pending motions, the Court remanded Plaintiffs' remaining claims brought against the medical entity defendants.  <u>See</u> <u>Colon</u>, 2021 WL 2228068, at *3.

exhaustion requirement, which is jurisdictional and cannot be waived, under which an FTCA claimant must present a tort claim to the appropriate administrative agency before filing a federal suit for money damages against the United States, see 28 U.S.C. § 2675(a); and (2) the FTCA's statute of limitations, which requires a claimant to administratively exhaust an FTCA tort claim within two years from the date the claim accrued, see United States v. Kwai Fun Wong, 575 U.S. 402, 405 (2015) (citing 28 U.S.C. § 2401(b)) (noting that a tort claim against the United States is forever barred unless presented to the appropriate federal agency within two years after the claim accrues); Roma v. United States, 344 F.3d 352, 362 (3d Cir. 2003) (noting that the exhaustion requirement "is jurisdictional and cannot be waived"). A claim is "presented when a Federal agency receives . . . an executed [SF-95] or other written notification" of the alleged tortious conduct. See 28 C.F.R. § 14.2(a). The claimant cannot bring a claim in this Court until the federal agency "finally denie[s]" the claim in writing, or if the agency fails to "make final disposition of a claim within six months after it is filed . . . ." See 28 U.S.C. § 2675(a).

As the United States notes, Plaintiffs' FTCA tort claims accrued on October 26, 2018, the date on which their infant son was born deceased. See Miller v. Philadelphia Geriatric Ctr., 463 F.3d 266, 272 (3d Cir. 2006) (noting that an FTCA wrongful death action accrues on the date of death). Because Plaintiffs did not attempt to exhaust administrative remedies until over two years later (in March 2021), they necessarily failed to administratively exhaust their claims within the FTCA's two-year statute of limitations. However, Plaintiffs invoke an exception to the two-year limitations period, a provision known as the "savings clause," which was part of a 1988 amendment to the FTCA under the Westfall Act. See Santos ex rel. Beato, 559 F.3d 189, 193-94 (3d Cir. 2009). Under the savings clause, "an errant plaintiff whose suit is removed to a district court, and then dismissed because she failed to bring the timely required administrative

claim, will be credited with the date that she filed her claim in the wrong forum for purposes of the FTCA's statute of limitations."  See id. (citing 28 U.S.C. § 2679(d)(5)).  However, the savings clause only applies if two conditions are met: (1) "the claim would have been timely had it been filed on the date the underlying civil action was commenced"; and (2) "the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action." See 28 U.S.C. § 2679(d)(5).

In their motion for leave to file a late claim, Plaintiffs request a ruling that their FTCA claims are timely under the Westfall Act.[3]  (Doc. No. 5 at 7-8.)  Plaintiffs assert that they satisfy both of the requirements in the FTCA's savings clause.  This is so because the administrative claim they attempted to serve on Hamilton Health in March 2021 "would have been timely had it been filed" on October 15, 2020, the date on which they commenced their original FTCA action in state court.  See 28 U.S.C. § 2679(d)(5).  They further assert that they attempted to present their claims to Hamilton Health "within 60 days" after the Court dismissed their original FTCA action in February 2021.  See id.  In opposition to Plaintiffs' motion—and in support of its motion to dismiss—the United States argues that, even if the Westfall Act applies under the circumstances presented here, Plaintiffs failed to present their FTCA tort claims to the responsible federal agency, i.e., HHS.  (Doc. Nos. 7 at 2, 9 at 5.)  Thus, the parties' motions overlap in that they both turn on the issue of whether Plaintiffs' attempt to serve Hamilton Health with an SF-95 satisfied the FTCA's exhaustion requirement.

---

[3] Plaintiffs do not point to any authority for the proposition that an FTCA plaintiff must file a motion for leave to file a late claim in order to invoke the savings clause.  Regardless of how it is characterized, Plaintiffs' motion is essentially a preemptory opposition to the United States' motion to dismiss given that Plaintiffs' sole argument in support of their motion is that their claims should not be dismissed for untimeliness under the Westfall Act.  (Doc. No. 5 at 7-8.)

Upon consideration of the parties' arguments, the relevant authority, and the exhibits submitted, the Court finds that Plaintiffs have failed to properly exhaust their administrative remedies before bringing the instant action.  Given the interrelated nature of the parties' motions, the Court will begin with an analysis of the dispositive issue (i.e., exhaustion) before turning to the parties' individual motions.  As the Court noted in dismissing Plaintiffs' original FTCA action, HHS is the responsible federal agency to which Plaintiff was required to present their administrative claims.  See Knapp v. United States, Dep't of Health & Hum. Servs., No. 3:18-cv-1422, 2020 WL 969624, at *4 (M.D. Pa. Feb. 28, 2020) (holding that an FTCA claimant who faxed an SF-95 to a federally funded health center, rather than submitting the form to HHS, did not properly present the claim for exhaustion purposes), aff'd, 836 F. App'x 86 (3d Cir. 2020).[4] Federally funded health centers such as Hamilton Health are not federal agencies under the FTCA.  See id. (citing Motta ex rel. A.M. v. United States, 717 F.3d 840, 845 (11th Cir. 2013) (noting that a federally funded non-profit health center is not a federal agency)).  "An appropriate federal agency is the actual federal agency responsible for handling the claim and not the government-funded entity or government employee who committed the alleged tort."  See Motta,

---

[4] In affirming the district court's dismissal of the FTCA claims in Knapp, the United States Court of Appeals for the Third Circuit adopted the district court's conclusion that an FTCA malpractice claim against a health center should have been presented to HHS.  See Knapp v. United States, Dep't of Health & Hum. Servs., 836 F. App'x 86, 89 (3d Cir. 2020).  The United States relies on the Third Circuit's opinion in Knapp, but Plaintiffs note that the opinion is non-precedential and assert that it should be considered as such.  See, e.g., Chehazeh v. Att'y Gen. of U.S., 666 F.3d 118, 127 n.12 (3d Cir. 2012) (instructing that "[n]ot precedential opinions are, by definition, not binding on this Court, and our internal operating procedures do not allow us to cite and rely upon those opinions").  While not binding, a non-precedential decision may nonetheless contain persuasive reasoning, see New Jersey, Dep't of Treasury, Div. of Inv. v. Fuld, 604 F.3d 816, 823 (3d Cir. 2010) (noting that a non-precedential opinion is "as persuasive as its reasoning"), and here, the Third Circuit adopted the district court's reasoning, which the Court finds persuasive and which is supported by the other authorities cited herein.

717 F.3d at 843 (emphasis added); see also MMC PPA v. Bridgeport Hosp., No. 3:11-cv-1733,

2013 WL 5274504, at *5 (D. Conn. Sept. 18, 2013) (holding that a federally funded community

clinic was not "elevate[d] to federal agency status" merely because the clinic's employees were

"covered by the FTCA"), on reconsideration in part, No. 3:11-cv-1733, 2014 WL 1787772 (D.

Conn. May 5, 2014).

Moreover, "the exhaustion of administrative remedies requirement permits the orderly

consideration, processing, and settlement of claims without turning to the courts except as a final

resort."  See Hejl v. United States, 449 F.2d 124, 126 (5th Cir. 1971).  If the Court were to hold

that every health center that receives federal funding and assistance "is an apparent agent of the

federal government authorized to accept notice of claims against the United States under 28

U.S.C. § 2675(a)," it "would disrupt the claims settlement procedure of the federal agencies and

defeat the purposes the statute was intended to accomplish."  See id. at 125 (holding that the

phrase "appropriate federal agency" should not "be construed to include a state agency that

administers the federal program that gave rise to the claim").

Accordingly, Plaintiffs' motion for leave to file a late claim—which is based on the

contention that they timely exhausted their administrative remedies by presenting their claims to

Hamilton Health (Doc. No. 5 at 7)—is unavailing.[5]  Further, the Court is compelled to grant the

---

[5] Plaintiffs note that federal agencies must transfer incorrectly presented FTCA claims to "the
appropriate agency, if the proper agency can be identified from the claim, and advise the
claimant of the transfer."  See 28 C.F.R. § 14.2(b)(1).  As such, Plaintiffs argue that Hamilton
Health should have accepted the SF-95 and transferred it to HHS.  Hamilton Health, however, is
not a federal agency and is therefore not regulatorily bound to transfer erroneously presented
FTCA tort claims.  See, e.g., Motta, 717 F.3d at 845 (noting that a federally funded health center
was not required, "by either § 14.2(b)(1), or the Federal Tort Claims Act Health Center Policy
Manual," to forward an SF-95 to HHS); MMC PPA, 2013 WL 5274504, at *5 (holding that a
federally funded health clinic was "not a federal agency" and "had no obligation under the FTCA
to forward [the plaintiffs]' claim to [HHS]").

United States' motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).  If a defendant's challenge to subject matter jurisdiction depends on a facial attack of the pleadings, "the court must consider the allegations of the complaint as true," as it would with regard to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  See Mortenson v. First Fed. Sav. and Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).  However, a motion that challenges "the existence of subject matter jurisdiction in fact, quite apart from any pleadings," does not require a court to consider all allegations of the complaint as true, and the court is free to weigh the evidence in an effort to ensure that it has power to hear the case.  See id.  In such circumstances, the plaintiff bears the burden of proof that jurisdiction exists.  See id.

Here, dismissal is warranted both on the face of Plaintiffs' pleadings (assuming the truth thereof) and upon consideration of the parties' exhibits.  The allegations in Plaintiffs' complaint establish that they never exhausted administrative remedies by presenting their claims to HHS. Plaintiffs do not now assert otherwise—rather, they argue that Hamilton Health is a federal agency under the FTCA, which it is not.  Beyond the allegations in the complaint, Plaintiffs provided exhibits establishing that they attempted to serve an SF-95 on Hamilton Health rather than HHS, and the United States submitted a declaration by an HHS employee attesting to the fact that Plaintiffs never presented their FTCA claims to HHS.  (Doc. No. 7-1 ¶ 4.)  Thus, Plaintiffs' allegations and the parties' exhibits independently establish that Plaintiffs only presented a claim to Hamilton Health.  Accordingly, the Court lacks subject matter jurisdiction over Plaintiffs' FTCA claims for failure to exhaust administrative remedies.

The Third Circuit has "instructed that if a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile."  See Phillips v. Cty. of Allegheny, 515 F.3d 224, 236 (3d Cir. 2008) (citing Grayson v.

7

Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002)).  "An amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted."  Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000) (citing Smith v. NCAA, 139 F.3d 180, 190 (3d Cir. 1998), rev'd on other grounds, 525 U.S. 459 (1999)).  In the instant matter, Plaintiffs did not exhaust their FTCA claims within either the FTCA's two-year limitations period or the Westfall Act's 60-day window for the filing of untimely FTCA claims under the statute's savings clause.  Accordingly, the Court lacks jurisdiction over Plaintiffs' claims, which are now time-barred under the FTCA's statute of limitations.  Any further amendment would therefore be futile.

**ACCORDINGLY**, on this 19th day of July 2021, upon consideration of Plaintiffs' motion for leave to file a late claim (Doc. No. 4) and the United States' motion to dismiss for lack of subject matter jurisdiction (Doc. No. 8), **IT IS ORDERED THAT**:

1. The Clerk of Court is directed to **TERMINATE** Defendant Hamilton Health Center, Inc. as a defendant;

2. The United States' motion to dismiss for lack of jurisdiction (Doc. No. 8) is **GRANTED**;

3. Plaintiffs' complaint (Doc. No. 1) is **DISMISSED WITH PREJUDICE** in its entirety; and

4. The Clerk of Court is directed **CLOSE** this case.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania